CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELEAZAR CATALAN CAMPOS, on behalf of himself, and others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>APRIL CORP. dba TERRA MARKET, or any other business entity doing business as TERRA MARKET, located at 533 9th Avenue, New York, NY 10018, and "John and Jane Doe", the owners of TERRA MARKET,<br><br>Defendants. | Case No.: 17 CV 4211<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION**<br><br>ECF Case |

Plaintiff, Eleazar Catalan Campos, ("Plaintiff"), on behalf of himself, and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, April Corp., *dba* Terra Market, or any other business entity doing business as Terra Market, located at 533 9th Avenue, New York, NY 10018, and "John and Jane Doe", the yet to be identified owners of Terra Market (collectively referred to herein as the "Defendants"), and states as follows:

**INTRODUCTION**

1. Plaintiff, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages

and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.  Plaintiff, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day he worked ten (10) or more hours; (4) statutory penalties and liquidated damages pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has original federal question jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343. This court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

5.  Plaintiff is an adult resident of Bronx County, New York City.

6.  Defendant, April Corp. dba Terra Market, is a domestic business corporation organized under the laws of the State of New York (hereinafter referred to as "Terra Market"), with a principal place of business at 533 Ninth Avenue, New York, New York 10018.

7.  Defendant, Terra Market is a domestic business corporation organized under the laws of the State of New York, owning and operating a wholesale and retail produce market in New York City.

8.  Upon information and belief, Defendant, John and Jane Doe, are owners, officers, directors and/or managing agents of Terra Market, whose true names and addresses are unknown

at this time, and who participated in the day-to-day operations of Terra Market, and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with Terra Market.

9. Plaintiff, Eleazar Catalan Campos, was employed by Defendants in New York County, New York, to work as a cleaner, stock person, and general helper, for Defendants' market known as "Terra Market" from on or about January 12, 2016, through March 2017.

10  At all relevant times, Terra Market was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11  At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Terra Market.

12  At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages and minimum wages, in contravention of the FLSA and New York Labor Law.

13  At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

14  At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

15  Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

16  Plaintiff was paid cash, without a wage statement or other receipt documenting his hours, hourly rate, and wages.

**STATEMENT OF FACTS**

17. On or about January 12, 2016, Plaintiff, Eleazar Catalan Campos, was hired by Defendants to work as a cleaner, stock person and general helper at Defendants' market known as "Terra Market" located at 533 9th Avenue, New York, New York 10018.

18. Plaintiff, Eleazar Catalan Campos, worked for the Defendants continuously between January 12, 2016 and March 2017.

19. During Plaintiff Eleazar Catalan Campos' employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked six (6) days per week, and his work shift consists of eleven (11) or twelve (12) hours per day, for a total of approximately seventy (70) working hours per week.

20. Plaintiff Eleazar Catalan Campos was not paid wages for all hours worked, minimum wages, or overtime wages. Throughout his employment, Plaintiff Eleazar Catalan Campos was paid a weekly wage of $500.00, in cash, and he worked approximately seventy (70) hours each week. Plaintiff Eleazar Catalan Campos was not paid any additional compensation for work performed above forty (40) hours per week; he was not paid at time and one-half his hourly rate of pay as required by state and federal law.

21. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage for all hours worked, or the New York State minimum wage to the Plaintiff and other similarly situated employees.

22. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of

the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

23. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

24. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

25. Defendants, John and Jane Doe, are an individuals who, upon information and belief, own the stock of Terra Market, own Terra Market, and manage and make all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

26. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "25" of this Complaint as if fully set forth herein.

27. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

29. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

30. Plaintiff worked hours for which he was not paid the statutory minimum wage.

31. At all relevant times, Defendants had a policy and practice of refusing to pay wages to Plaintiff for all of his hours worked.

32. Defendants failed to pay Plaintiff minimum wages in the lawful amount for all hours worked.

33. Plaintiff was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

34. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

35. At all relevant times, Defendants had, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

36. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

37. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

38. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

41. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

42. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Wage Theft Prevention Act]

43. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "42" of this Complaint as if fully set forth herein.

44. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

45. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay minimum wages in the lawful amount for hours worked.

46. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

47. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

48. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

49. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

51. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

52. Plaintiff was paid his wages in cash, and not provided with a wage statement as required by law.

53. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Eleazar Catalan Campos, on behalf of himself, and similarly situated employees, respectfully request that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid minimum wages under the FLSA and New York Labor Law;

(c) An award of unpaid overtime wages under the FLSA and New York Labor Law;

(d) An award of unpaid "spread of hours" premiums under the New York Labor Law;

(e) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and specifically the New York Wage Theft Prevention Act;

(g) Statutory penalties for failing to provide a wage statement to plaintiff and other similarly situated employees;

(h) An award of prejudgment and post-judgment interest;

(i)  An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(j)  Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       June 5, 2017

>                         Respectfully submitted,
>
>                         CILENTI & COOPER, PLLC
>                         **Attorneys for Plaintiff**
>                         708 Third Avenue – 6th Floor
>                         New York, NY 10017
>                         Telephone  (212) 209-3933
>                         Facsimile   (212) 209-7102
>
>                  By:    _____
>                         Peter H. Cooper  (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Eleazar Catalan__, am an employee currently or formerly employed by __Terra Market__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
  __June 5__, 2017