# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELEAZAR CATALAN CAMPOS, on behalf of himself, and others similarly situated,

                        Plaintiffs,

-against-

APRIL CORP. dba TERRA MARKET,
or any other business entity doing business as
TERRA MARKET, located at 533 9th Avenue,
New York, NY 10018, and "John and Jane Doe",
the owners of TERRA MARKET,

                        Defendants.

Case No.: 17 cv 4211 (KPF)

---

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (this "**Agreement**") is made and entered as of the 15th day of November, 2017 (the "**Effective Date**"), by and between Eleazar Catalan Campos and Felipe Luna ("**Settling Plaintiffs**"), on the one hand, and April Corp., Inc. dba Terra Market (collectively "**Defendants**"), on the other hand. Each of the Settling Plaintiffs and the Defendants is referred to herein as a "**Party**," and they are collectively referred to herein as the "**Parties**."

**WHEREAS**, Settling Plaintiffs were employees of the Defendants; and

**WHEREAS**, on or about June 5, 2017, Plaintiff Eleazar Catalan Campos filed an action against the Defendants in the United States District Court for the Southern District of New York (the "**Court**"), styled *Eleazar Catalan Campos v. April Corp., et al.*, No: 17-cv-4211-KPF (the "**Action**"); Plaintiff Felipe Luna subsequently opted into the case as a party plaintiff; and

**WHEREAS**, the Defendants timely filed an Answer in the Action; and

WHEREAS, plaintiffs' claims, if proven, were estimated to be :

ELEAZAR CATALAN CAMPOS: $10,500, in addition to liquidated damages;

FELIPE LUNA: $2,350, in addition to liquidated damages.

**WHEREAS**, the Parties hereto now desire to settle all claims, differences or matters pertaining to or arising from or associated with the Action, including any and all counterclaims asserted therein, and any claims or potential claims arising out of Plaintiffs' employment or other relationships with any of the Defendants (the "**Subject Matter**") and without admission of liability or wrongdoing by any Party, such being expressly denied;

**NOW THEREFORE**, in consideration of the mutual covenants and releases contained herein and for good cause and valuable consideration, the Parties hereto agree as follows:

1. **Settlement Payment.** Within ten (10) days after the date upon which this Agreement is approved and "so-ordered" by the Court (the **"Initial Payment Date"**), the Defendants shall pay to Plaintiffs, by check made payable to "Cilenti & Cooper, P.L.L.C., counsel for Plaintiffs", the sum of $10,000.00 (the **"Initial Payment"**). Within one month after the Initial Payment Date, and monthly thereafter for a period of two (2) months, (the **"Installment Payment Dates"**), the Defendants shall pay to Plaintiff, by check made payable to "Cilenti & Cooper, P.L.L.C., counsel for Plaintiffs", the sum of $10,000.00 (the **"Installment Payment"**). The total amount of the Initial Payment and the Installment Payments shall be $30,000.00 (the **"Settlement Payment"**), comprised of three (3) equal payments of $10,000.00 as set forth in this paragraph.

    The parties represent that the settlement shall be distributed as follows:

    ELEAZAR CAMPOS: $15,500

    FELIPE LUNA: $4,000

    CILENTI & COOPER, PLLC: $10,500, for attorneys' fees and costs

2. **Default on Settlement Payment.** The failure of the Defendants to make full payment of either the Initial Payment or the subsequent Installment Payment on the appropriate dates, shall be considered an event of default under this Agreement (an **"Event of Default"**). In the event that an Event of Default takes place, counsel for Plaintiff shall promptly notify counsel for the Defendants of such Event of Default pursuant to the Notice terms set forth *infra.* in this Agreement (the **"Notice of Event of Default"**). The Defendants shall have ten (10) calendar days from the date of the Notice of Event of Default to cure such Event of Default (the **"Cure Period"**).

3. **Dismissal of Action.** Concurrently with the execution of this Agreement, the Parties to the Action will execute a "Stipulation and Order of Dismissal," which will request dismissal of the claims made by Plaintiffs, with prejudice. The Court shall continue to hold jurisdiction over this matter and plaintiffs shall have the right to restore the case on behalf of the plaintiffs only in the event of default for nonpayment.

4. **No Other Pending Proceedings.** The Plaintiffs represent and warrant that they have filed no other claims, counterclaims, or third party claims in court, arbitration, or in any other forum relating to the Subject Matter of this Agreement (other than those described above).

5. **Release.** In consideration for the payments provided for in this Agreement, plaintiffs hereby irrevocably and unconditionally waive, release and forever discharge defendants and all of their related and/or affiliated companies, partners, and constituent agencies, their employees, agents, shareholders, attorneys, officers, directors, trustees, insurers, predecessors, successors, assigns, divisions, affiliates, parents, subsidiaries, and

fiduciaries and administrators, arising out of or related to those matters that are the subject of the above-referenced lawsuit, *i.e.*, The Fair Labor Standards Act and the New York Labor Law, and in particular any claim for unpaid wages, minimum wages, overtime compensation, spread of hours premiums, liquidated damages, statutory penalties, and other related penalties, as well as all associated attorneys' fees and costs.

6. **No Admission of Liability.** In no event shall this Agreement, or any of its provisions, or any negotiations, statements, or proceedings relating to it, be construed in any way as, offered as, received as, used as, or deemed to be an admission or concession by any Party of any liability or wrongdoing and shall not be used as evidence of any kind in any action, investigation or proceeding, whether judicial, administrative or otherwise, except as necessary for the enforcement and/or implementation of the terms of this Agreement, or as proof of this Agreement. The Parties expressly deny any wrongdoing or violation of any legal or contractual duty or other obligation in connection with the allegations set forth in the pleadings in the Action.

7. **Opportunity to Consult Counsel/Voluntary Agreement.** Each of the Parties acknowledges that it has been advised to and has, in fact, consulted with independent, competent counsel with regard to this Agreement and the subject matter hereof. Each of the Parties further represents that he has signed this Agreement voluntarily and with a full understanding of its terms and conditions.

8. **Authority.** Each Party that is an entity whose signature is affixed hereto represents and warrants that the individual signing this Agreement on its behalf is authorized to do so on behalf of such entity and that he/she is acting in the scope of such agency and authority. Each Party specifically represents and warrants that no signatures other than those made on this Agreement are necessary to bind such Party to all of its obligations imposed by, and releases under, this Agreement.

9. **Governing Law and Attorneys' Fees.** This Agreement and any other documents referred to herein shall be governed by, construed, and enforced in accordance with the laws of the State of New York without regard to conflicts of laws principles. The Parties consent to the jurisdiction of the Court for any application or action to enforce the terms of this Agreement and that venue shall be the sole forum for such disputes; provided, however, that if the Court does not have subject matter jurisdiction, the Agreement may be enforced in any court of competent jurisdiction in New York. The Parties agree that any breach of this Agreement shall entitle any Party to bring a claim for damages; further, the prevailing Party shall be entitled to recover reasonable attorneys' fees and costs as part of any such action.

10. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties hereto for themselves and their respective heirs, affiliates, trustees, executors, administrators, representatives, successors and assigns, and each of their respective current and former officers, directors, shareholders, members, employees (in both their individual and official capacities), and each of the foregoing's successors, predecessors, assigns, agents, employees and attorneys. No Party shall be permitted to assign this Agreement without the prior written consent of the other Parties.

11. **Severability**. If any provision, or the enforcement of any provision, of this Agreement is held by a court of competent jurisdiction to be invalid, unenforceable or illegal, in whole or in part, in any respect, that holding shall not affect the validity and/or enforceability of any other provision of this Agreement.

12. **Entire Agreement/Amendments**. This Agreement constitutes the entire agreement by, between and among the Parties with respect to the subject matters referred to herein and supersedes any other prior written or verbal understanding or agreement by, between or among them. There are no promises, inducements, representations, warranties, understandings, undertakings or agreements, oral or written, express or implied, by, between or among the Parties, except as specifically set forth herein. This Agreement may not be amended, canceled, revoked or otherwise modified except by written agreement subscribed by all of the Parties.

13. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all counterparts so executed shall constitute one agreement binding on all of the Parties, notwithstanding that all of the Parties may not be a signatory to the same counterpart. This Agreement may be executed by facsimile or email transmittal and such signatures shall be binding and deemed original for purposes of enforcing this Agreement.

14. **No Waiver**. The failure of any of the Parties to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof nor deprive such Party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

15. **Headings and Syntax**. The headings set forth in this Agreement are for convenience and reference only and are not intended to modify, limit, describe or affect in any way the content, scope or intent of this Agreement. All references made and pronouns used shall be construed in the singular or the plural and in such gender as common sense and circumstances require.

16. **Construction**. Each of the Parties agrees that it or he or she, as applicable, has participated in the drafting and negotiation of this Agreement, and that the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

17. **No Assignment, Sale, Transfer or Other Disposition**. Each of the Parties hereby warrants and represents on behalf of himself only that he has not assigned, transferred, or conveyed in any manner all or any part of the actions, causes of action, claims, demands, obligations, damages, debts, accounts, costs, expenses, liens, compensation, and liabilities released under this Agreement, and to the extent any party is found to be in violation of the foregoing warranty and representation such party hereby covenants and agrees to defend, indemnify and hold harmless the persons and entities herein released from and against any and all losses resulting in any way from such assignment, transfer, or lien or purported or alleged assignment, transfer, or lien.

18. **Notices.** All notices, requests, demands, claims or other communications required or permitted to be delivered, given or otherwise provided hereunder must be in writing and must be delivered personally, delivered by a nationally recognized overnight courier service providing proof of delivery, sent by certified or registered mail, postage prepaid, or by facsimile (subject to electronic confirmation of good facsimile transmission), or by email, addressed to each of the Parties as specified below (or to such other address as a party may designate by like notice):

For Plaintiffs:

Peter H. Cooper
Cilenti & Cooper, PLLC
708 Third Ave., 6th Floor
New York, NY 10017
Telephone (212) 209-3933
Facsimile (212) 209-7102
Email Address: pcooper@jcpclaw.com

For the Defendants:

Paul P. Rooney
Ellenoff Grossman & Schole, LLP
1345 Avenue of the Americas
New York, New York 10105
Telephone (212) 370-1300
E-mail Address: prooney@egsllp.com

19. **Survival.** The obligations, representations, warranties, releases and other provisions of this Agreement shall survive the execution of this Agreement, dismissal of the Action and the consummation of the transactions described in this Agreement.

20. **No Third-Party Beneficiaries.** No provision of this Agreement will be deemed or construed in any way to result in the creation of any right, obligation or waiver or any right, on the part of any person not a party to this Agreement.

IN WITNESS WHEREOF, the Parties have agreed to this Agreement consisting of ~~7~~ pages and have caused this instrument to be properly executed as of the date written below.

*[Signature page follows.]*

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the day and year first above written:

**ELEAZAR CATALAN CAMPOS**

*/s/ Eleazar Catalan Campos*
Eleazar Catalan Campos

Sworn and subscribed to before me this 16th day of Nov, 2017

*/s/ Notary*
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 20__

**FELIPE LUNA**

*/s/ Felipe Luna Morales*
Felipe Luna

Sworn and subscribed to before me this 16th day of Nov, 2017

*/s/ Notary*
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 20__

April Corp. dba Terra Market

By: _____
Name:
Title:

Sworn and subscribed to before me this 17 day of Nov, 2017

_____
Notary Public