MEMO ENDORSED

Case 1:17-cv-04211-KPF   Document 20   Filed 11/21/17   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 21, 2017

# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017
____

Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com
www.jcpclaw.com

November 20, 2017

**JOINT LETTER REQUEST TO
APPROVE A SETTLEMENT
IN A CASE BROUGHT UNDER THE
FAIR LABOR STANDARDS ACT**

**BY ECF**

Honorable Katherine P. Failla, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: ***Eleazar Catalan Campos v April Corp. dba Terra Market, et al.***
> Case No.: 17 Civ. 4211 (KPF)

Dear Judge Failla,

We are counsel for the plaintiffs in the above-referenced action. On October 26, 2017, the parties reported that we had reached an agreement to settle the case. Since then, we have prepared a settlement agreement, which the parties signed, and which we jointly present to the court along with this request for approval. We also respectfully submit a proposed order dismissing the case with prejudice, with the court retaining jurisdiction for a limited period of time.

As plaintiffs' claims arose under the Fair Labor Standards Act, 29 USC § 216(b) ("FLSA"), the parties' settlement must be reviewed and approved by this Court. *See*, *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. Aug. 7, 2015).

> The Fair Labor Standards Act expressly prohibits settlement of any right to unpaid minimum wages or unpaid overtime claims by employees, made pursuant to 29 USC §§ 206-07, without the supervision of the Secretary of Labor. 29 USC §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to FLSA's restriction on settlement to include judicially-supervised stipulated settlements. *See Manning v. New York*

*Univ.*, 2001 WL 963982, *12-13 (SDNY 2001)(citing *D.A. Schulte, Inc., v. Gangi*, 328 US 108, 113 n.8 (1946) and *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). *Simel v. JP Morgan Chase*, 2007 WL 809689 (S.D.N.Y. 2007). See also *Sampaio v. Boulder Rock Creek Developers, Inc.*, 2007 WL 5209390 (E.D.N.Y. 2007); *Medley v. Am. Cancer Soc.*, 2010 WL 3000028 (S.D.N.Y. 2010) (Jones, Barbara S.)(approving settlement); *Mendez v. Nooch, Inc.*, 2009 WL 666771 (S.D.N.Y. 2009) (Mag. Ellis, Ronald L.) (Individual action).

The executed settlement is annexed as Exhibit "1", and the parties jointly ask the Court to approve their settlement and dismiss their claims with prejudice, retaining jurisdiction to enforce the terms of the settlement only in the unlikely event their settlement is not consummated as agreed.

### *Fairness of the Settlement*

This is an action for unpaid wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New York Labor Law, §§ 190, *et seq*.

Plaintiff Eleazar Catalan was a helper and stock person at defendants' market located on Ninth Avenue in Manhattan. Plaintiff claims he was paid a salary of $500.00 per week, for approximately seventy (70) working hours, which implicated minimum wage and overtime violations. One additional employee, Felipe Luna, filed a consent to sue pursuant to the Fair Labor Standards Act, and is included in the settlement. Mr. Luna's claim is similar, but smaller, because he worked during approximately six (6) months. The case is not a collective or class action and the rights of other employees similarly situated are not impacted by this settlement.

The parties had exchanged positions and calculations prior to meeting with the court at our initial conference. The parties subsequently engaged in documentary discovery and negotiations, and counsel for plaintiffs and defendants reviewed the employer's payroll records. Prior to the close of discovery, we reached an agreement to resolve the case, on terms which are satisfactory to all parties.

The settlement provides that Mr. Catalan Campos will receive *$15,500;* Mr. Luna will receive *$4,000;* and counsel will receive *$10,500*, which is one-third of the total settlement of $30,000, plus $500 for filing and service costs incurred.

The settlement makes plaintiffs whole, inclusive of a substantial portion of liquidated damages. Had plaintiffs prevailed, we estimated that Mr. Catalan would have been owed approximately $10,500 in overtime compensation and Mr. Luna would have been owed $2,350 in overtime compensation. The case was litigated during approximately six (6) months.

Hon. Katherine P. Failla, U.S.D.J.
November 20, 2017
Page 3

The parties represent to the court that the settlement by the parties represents a fair and reasonable resolution of a bona fide dispute reached as a result of arms-length negotiations between the parties who participated in good faith and were represented by experienced counsel; there is no risk of collusion. Both plaintiffs will receive more than the amount of unpaid wages they sought in addition to a portion of liquidated damages.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

Attorneys' fees in FLSA settlements are also examined, to ensure that the interests of plaintiff's counsel did not adversely affect the extent of the relief counsel procured for the clients. *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). Plaintiffs' counsel has expended approximately thirty (30) hours of attorney time in the case.

The attorney time includes meeting with the plaintiffs on multiple occasions prior to and after filing the complaint; drafting the lawsuit; multiple conferences with the defendants; conducting discovery; participating in good faith in the settlement negotiations and reaching an agreement; and drafting / executing the written agreement, and seeking this court's approval.

Of the total settlement, counsel for plaintiff seeks one third (33%), in satisfaction of attorneys' fees. The retainer agreement with the plaintiffs provides for one-third (1/3). Recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld contingency agreements of one-third or higher. *See In Re: Lawrence*, 2014 WL 5430622 (NY October 28, 2014); *Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation). Had the case proceeded to trial, attorneys' fees would have been substantially higher, though plaintiffs may not have faired better and in fact risked a less favorable outcome.

Therefore, based on the above factors, the $30,000 settlement not only falls within the range of reasonableness, but provides an excellent recovery for the plaintiffs. Therefore, the settlement should be approved. *See, e.g., Vogel v. JP Morgan Chase Bank, N.A.*, No. 14 Civ. 8422 (KBF) (S.D.N.Y. Aug. 25, 2015) (the court approved the settlement after "carefully review[ing] the proposed settlement" and finding that it was "fair and reasonable") (citing *Cheeks*, 2015 WL 4664283, at *6-7).

For all of these reasons, we respectfully request that the court approve the settlement, and dismiss the action, with prejudice, but retaining jurisdiction in the event of failure to tender the agreed upon consideration, which is proposed to be paid in three (3) monthly installments. A proposed stipulation and order of dismissal is provided as Exhibit "2".

      The parties are available for a further conference to address any questions the court may have, if required.

      On behalf of the parties we thank the court again for its consideration of this matter.

      Respectfully submitted,

      CILENTI & COOPER, PLLC

      By: *Peter H. Cooper*
      _____
      708 Third Avenue – 6th Floor
      New York, New York 10017
      Attorneys for Plaintiff

      ELLENOFF GROSSMAN & SCHOLE LLP

      By: *Paul P. Rooney*
      _____
      1345 Avenue of the Americas – 11th Floor
      New York, New York 10105
      Attorneys for Defendants

```
The Court is in receipt of the parties' proposed settlement.
The Court has reviewed the proposal in light of Cheeks v.
Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015),
Lopez v. Nights of Cabiria, 96 F. Supp. 3d 170 (S.D.N.Y. 2015),
and Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332 (S.D.N.Y.
2012), and finds that the settlement is fair.

While the Court finds that the attorneys' fees provided for in
Paragraph 1 of the Settlement Agreement are reasonable, the
Court does not make any finding as to the reasonableness of
counsel's hourly rates.




Dated: November 21, 2017        SO ORDERED.
       New York, New York
```

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE